## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTOPHER A. TIMMONS,    *

Plaintiff,    *

v.    *    Civil Action No. PX-21-469

PRIME CARE MEDICAL, INC.,    *

Defendant.    *

    ***

## **MEMORANDUM**

Plaintiff Christopher A. Timmons brings this action pursuant to 42 U.S.C. § 1983, alleging improper dental care, including the extraction of the wrong tooth, while detained at the Harford County Detention Center.  Timmons filed this Complaint along with a Motion for Leave to Proceed in Forma Pauperis.  ECF Nos. 1, 2.  Thereafter, the Court ordered Timmons to amend his Complaint.  ECF No. 4.  The Court grants Timmons leave to proceed in forma pauperis.  But upon review of the Amended Complaint, it must be dismissed for failure to state a claim.

28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee.  However, sections 1915(e)(2)(B) and 1915A demand that the Court review the complaint and dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

The Amended Complaint does not cure the deficiencies previously noted.  The Court's prior Order expressly stated that the allegations fail as a matter of law because no persons had been identified as responsible for the alleged constitutional violations.  ECF No. 4 at 3.  Section 1983

is limited to suits for damages against any "*person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  The Amended Complaint names only Prime Care Medical, Inc., a corporation presumably providing contract services to the detainees, but does not identify any individuals responsible for committing the alleged violations. [1]  Thus, the allegations still fail as a matter of law.

Timmons is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1).  Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

A separate order follows.


|  |  |
|---|---|
| _____3/9/22_____ | _____/S/_____ |
| Date | Paula Xinis |
|  | United States District Judge |

---

[1] A provider like Prime Care Medical may be held liable if the corporation performs functions otherwise reserved for a state actor and carries out those functions pursuant to a "custom, policy, or practice" that "violate[s] a plaintiff's constitutional rights."  *Owens v. Balt. City State's Att'ys Offc.,* 767 F.3d 379, 402 (4th Cir. 2014); *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978).  No facts in the Amended Complaint support this alternative liability theory.